| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>District of New Jersey | |
| Albert Russo<br>Cn 4853<br>Trenton, NJ  08650<br>(609) 587-6888<br>Standing Chapter 13 Trustee | **Order Filed on August 12, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>Steven Hicks<br><br>Debtor(s) | Case No.: 19-11291 / CMG<br><br>Hearing Date:  08/07/2019<br><br>Judge: Christine M. Gravelle<br><br>Chapter: 13 |

### ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: August 12, 2019**

_____
Honorable Christine M. Gravelle
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 02/04/2019, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 36 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$1,200.00 PAID TO DATE

**ORDERED** that the case is confirmed at 100%, which includes a minimum of $37,913.00 dividend to general unsecured creditors due to non-exempt equity in property.

**ORDERED**  that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement.  Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 19-11291-CMG
Steven Hicks                                                            Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 1              Date Rcvd: Aug 12, 2019
                              Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 14, 2019.
db              #Steven Hicks,    204 Cedar St,    Lakehurst, NJ   08733-2904

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 14, 2019                                        Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 12, 2019 at the address(es) listed below:
              Albert    Russo    docs@russotrustee.com
              Daniel E. Straffi    on behalf of Debtor Steven  Hicks bkclient@straffilaw.com,
               G25938@notify.cincompass.com;familyclient@straffilaw.com;bktrustee@straffilaw.com
              Denise E. Carlon    on behalf of Creditor   The Bank of New York Mellon FKA The Bank of New York,
               as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series
               2007-9 dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
              Keri P. Ebeck    on behalf of Creditor    Specialized Loan Servicing, LLC as Servicer for The Bank
               of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS,
               Inc., Asset-Backed Certificates, Series 2007-9 kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Rebecca Ann Solarz    on behalf of Creditor    The Bank of New York Mellon FKA The Bank of New York,
               as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series
               2007-9 rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 6